IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CR-30244-MJR |
| ) | |
| ) | |
| DURAN L. MORGAN, ) | |
| Defendant. ) | |

**ORDER DENYING UNTIMELY MOTION TO SUPPRESS**

REAGAN, District Judge:

An August 24, 2012 one-count indictment charges Duran Morgan with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g). Mr. Morgan initially appeared and was arraigned in this Court on September 11, 2012. That same day, the Court issued an Order Regarding Pre-Trial Discovery and Motion Practice which, inter alia, set a deadline for all motions to suppress evidence to be filed "within 21 days of the arraignment" (Doc. 9, p. 2). Accordingly, motions to suppress were due by October 2, 2012. Similarly, the undersigned Judge's web-page (Case Management Procedures for Criminal Cases) notifies counsel of this deadline for suppression motions.

The motion deadline passed. Ten days prior to trial (set for November 19, 2012), Defendant filed a motion to suppress all evidence, including his confession, as the product of an unjustified *Terry* stop. Counsel did not obtain leave of Court to file the motion out of time. The suppression motion cannot possibly be heard and resolved prior to the November 19th trial date, and no motion to continue trial has been filed. The suppression motion hints at a reason for the belated filing. Although discovery was received by defense counsel via mail on September 27, 2012, it was only at a late October meeting between defense counsel and Defendant that "a certain fact in relation to Defendant's vehicle first came to light" (Doc. 14), a fact relevant to the suppression motion which apparently relates to a professional tint job on the windows of Defendant's vehicle. But Defendant does not ask the Court to file the motion out-of-time or continue the trial to permit the filing, briefing, and hearing of a suppression motion.

Defense counsel may have good cause for filing the suppression motion nearly six weeks late and only ten days before trial. But no leave was sought or obtained prior

to the filing of the much-belated suppression motion.  Accordingly, the Court **DENIES** the suppression motion (Doc. 14) as untimely filed.

    IT IS SO ORDERED.

    DATED November 13, 2012.

                                      s/ Michael J. Reagan
                                      Michael J. Reagan
                                      United States District Judge